IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GEORGE LEVETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25CV426 |
| | ) | |
| CARDINAL HEALTH 110, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court *sua sponte* and pursuant to its independent duty to assess whether it has subject matter jurisdiction to adjudicate the claims presented. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). The Court questions subject-matter jurisdiction in this case. Defendant Cardinal Health 110, LLC ("Cardinal Health") removed this case from state court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket Entry 1 at 2-3.) "With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Moreover, although corporations are citizens of the state (or country) in which they are incorporated and where it has its principal place of business, *see* 28 U.S.C. § 1332(c)(1), the citizenship of an unincorporated association is determined by the citizenship of all of its members, *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).

In the notice of removal here, Cardinal Health asserts that Plaintiff George Levette is a citizen of North Carolina. (Docket Entry 1 at 2.) As to Cardinal Health, the notice of removal asserts that it is "a foreign limited liability company that was incorporated under the laws of the state of Delaware and has its principal place of business in the state of Ohio." (*Id.*) However, information about the citizenship of Cardinal Health's members is not apparent in the notice of removal or in the complaint, and such information is necessary for a proper assessment of whether the Court has subject-matter jurisdiction over this case. *See e.g.*, *Cent. W. Va. Energy Co.*, 636 F.3d at 103 ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ."); *Black Water Mgmt. LLC v. Sprenkle*, 691 F. App'x 715, 716 (4th Cir. 2017) (same); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (same); *Meyn Am. LLC v. Omtron USA, LLC*, 856 F. Supp. 2d 728, 732 (M.D.N.C. 2012) (same). "The absence of this information renders [the defendant's] allegation insufficient for determining whether there is complete diversity between the Plaintiff and the Defendant." *Meyn*, 856 F. Supp. 2d at 733. Thus, as it stands, the notice of removal fails to demonstrate that the Court can properly exercise subject-matter jurisdiction over this case.

"If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Therefore, considering the findings herein, IT IS HEREBY ORDERED that Cardinal Health shall have no later than July 17, 2025, to file either an Amended Notice of removal which establishes jurisdiction on its face or a brief demonstrating why the original notice of removal or other information of record establishes diversity jurisdiction. If Cardinal Health files a brief, Plaintiff may file a responsive brief within

2

five business days.  Briefs shall be no longer than 5 pages. Failure to file an Amended Notice or a brief will result in remand of the case to the state court or other appropriate action without further notice.  *See* 28 U.S.C. § 1447(c).

SO ORDERED. This the 3rd day of July, 2025.

/s/ Joe L. Webster  
United States Magistrate Judge