IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:25-CV-00426-TDS-JLW

| | |
|---|---|
| GEORGE LEVETTE,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CARDINAL HEALTH 110, LLC,<br><br>　　　　　Defendant. | **AMENDED NOTICE<br>OF REMOVAL** |

　　　　Defendant Cardinal Health 110, LLC ("Defendant") hereby files this Amended Notice of Removal in compliance with this Court's July 3, 2025, Order. In support of Defendant's Amended Notice of Removal which seeks to remove the captioned action from the General Court of Justice, Superior Court Division for Guilford, North Carolina, Case No. 25CV008607-400, to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §§ 1332 and 1441 based on diversity jurisdiction, Defendant respectfully shows as follows:

　　　　1.　　This action is being removed to Federal Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

　　　　2.　　On April 17, 2025, Plaintiff filed a civil action against Defendants in the General Court of Justice, Civil Superior Court Division for Guilford County, North Carolina ("the Superior Court"), styled *George Levette v. Cardinal Health 110, LLC*, Case No. 25CV008607-400 ("State Action").

1

3. On April 21, 2025, a Civil Summons was issued as to the Defendant to be served with the Complaint.

4. Defendant was served with the State Action Summons and Complaint on April 28, 2025.

5. True and accurate copies of the State Action Complaint and Summons are attached hereto as **Exhibits A and B**, respectively, pursuant to 28 U.S.C. § 1446(a) and are incorporated by reference.

6. No further proceedings occurred in the State Action. Defendant did not serve any answer or other responsive pleading to the Summons and Complaint, nor did Defendant make any appearance, argument, or request for relief before the Superior Court.

7. This original Notice of Removal [DE # 1] was timely filed within thirty (30) days of Defendant's receipt of the Summons and Complaint, pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

8. Prior to Defendant answering the Complaint [DE # 1-2], Plaintiff filed an Amended Complaint [DE # 9] on June 14, 2025.

9. As alleged in the Amended Complaint, Plaintiff is a resident and a citizen of Guilford County, North Carolina, and a former employee of Defendant Cardinal Health 110, LLC.

10. Defendant Cardinal Health 110, LLC is a foreign limited liability company that was incorporated under the laws of the state of Delaware and has its principal place of

business in the state of Ohio. A true and exact copy of Delaware's Secretary of State's Business Entity Summary for Cardinal Health 110, LLC is attached hereto as **Exhibit C**.

11. As demonstrated above, the parties to this lawsuit are clearly diverse.

12. The Amended Complaint alleges two causes of action: (1) Wrongful Discharge; and (2) a violation of North Carolina's Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-240 *et seq*. *Id.*

13. In his Prayer for Relief, Plaintiff seeks "[j]udgment against the Defendant for all wages, benefits and other compensation to which he is entitled, in a sum in excess of $25,000 plus interest as allowed by law…" He also seeks "punitive damages with interest" and "reasonable attorneys' fees as provide by N.C. Gen. Stat. 95-25.22."[1] [*Id.* at pp. 4-5]

14. Pursuant to N.C. Gen. Stat. § 95-243(c)(4), Plaintiff can recover, among other things, "[c]ompensation for last wages, lost benefits, and other economic losses that were proximately caused by the retaliatory action or discrimination."

15. If Plaintiff is "injured by a willful violation of G.S. 95-241, the court shall treble the amount awarded" pursuant to N.C. Gen. Stat. § 95-243(c). Plaintiff may also recover "reasonable costs and expenses, including attorneys' fees." *Id.*

16. Defendant has the burden of showing that removal is in accordance with diversity jurisdiction requirements (i.e., that the $75,000.01 threshold is met). *Griffin v. Holmes*, 843 F. Supp. 81, 84 (E.D.N.C. 1993). In considering the propriety of a removal,

---

[1] The correct citation for the award of attorneys' fees for a violation of the North Carolina Retaliatory Employment Discrimination Act is N.C. Gen. Stat. § 95-243(c) and not N.C. Gen. Stat. § 95-25.22.

the district court generally must determine the amount in controversy from the express allegations in and the reasonable inferences drawn from Plaintiff's Complaint. *Griffin v. Ford Consumer Fin. Co.*, 812 F. Supp. 614, 616 (W.D.N.C. 1993).

17. Plaintiff has stipulated that the amount in controversy exceeds $75,000.00. *See* **Exhibit D**.

18. Accordingly, Defendant contends that the aforesaid State Action may be removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 1441(b).

19. The United States District Court for the Middle District of North Carolina embraces the district in which the aforementioned State Action is pending (Guilford County).

20. Defendant therefore files this Amended Notice of Removal of the State Action from the District Court in which it is now pending to the United States District Court for the Middle District of North Carolina.

21. As required by 28 U.S.C. § 1446(d), written notice of the filing of the original Notice of Removal was served on Plaintiff, by and through his counsel, and Defendant promptly caused a copy of this Notice of Removal to be filed with the Clerk of Court for Guilford County, North Carolina, as shown by the Notice attached hereto as **Exhibit E**.

22. Contemporaneously with filing this Amended Notice of Removal and as required by 28 U.S.C. § 1446(d), Defendant is filing the Amended Notice of Removal with the Clerk of Court for Guilford County, North Carolina, as shown by the Notice attached

4

hereto as **Exhibit F**. Plaintiff is also being served through his counsel using the Court's CM/ECF electronic service system

23. Further, Defendant hereby submits this Amended Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has claims upon which relief can be granted.

**WHEREFORE**, Defendant prays that this action be removed from the Superior Court of Guilford County, North Carolina, to the United States District Court for the Middle District of North Carolina.

Respectfully submitted, this the 15th day of July, 2025.

                              **JACKSON LEWIS P.C**.

BY:  /s/ Ann H. Smith
      ANN H. SMITH
      N.C. State Bar No. 23090
      DENAA J. GRIFFIN
      N.C. State Bar No. 46067
      3737 Glenwood Avenue, Suite 450
      Raleigh, NC 27612
      Telephone: (919) 760-6460
      Facsimile: (919) 760-6461
      Email: Ann.smith@jacksonlewis.com
      Email: Denaa.Griffin@jacksonlewis.com
      *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:25-CV-00426-TDS-JLW

| | |
|---|---|
| GEORGE LEVETTE,<br><br>        Plaintiff,<br>vs.<br><br>CARDINAL HEALTH 110, LLC,<br><br>        Defendant. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on July 15, 2025, a copy of the foregoing *Amended Notice of Removal* was electronically filed with the Clerk of the Court using the Court's CM/ECF electronic service system addressed as follows:

Joseph D. Budd
Jordan Tenley
Osborn Gambale Beckley & Budd PLLC
1100 Wake Forest Road, Ste. 205
Raleigh, NC 27604
joe@counselcarolina.com
jordan@counselcarolina.com
*Attorney for Plaintiff*

**JACKSON LEWIS P.C**.

BY: /s/ *Ann H. Smith*
ANN H. SMITH
N.C. State Bar No. 23090
DENAA J. GRIFFIN
N.C. State Bar No. 46067
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.smith@jacksonlewis.com
Email: Denaa.Griffin@jacksonlewis.com
*Attorneys for Defendant*

7