# EXHIBIT E

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No.: 25CV008607-400

GEORGE LEVETTE,

        Plaintiff,

vs.

CARDINAL HEALTH 110, LLC,

        Defendant.

)
)
)
)
)
)
)
)
)

**NOTICE OF FILING REMOVAL
TO FEDERAL COURT**

TO:   Joseph D. Budd
      Jordan Tenley
      Osborn Gambale Beckley & Budd PLLC
      1100 Wake Forest Road, Ste. 205
      Raleigh, NC 27604
      joe@counselcarolina.com
      jordan@counselcarolina.com
      *Attorney for Plaintiff*

Defendant Cardinal Health 110, LLC ("Defendant") hereby gives notice that this matter has been removed to the United States District Court for the Middle District of North Carolina ("M.D.N.C.") pursuant to 28 U.S.C. §§ 1332 and 1441. Defendant's Notice of Removal of this action to that Court is based upon diversity jurisdiction.

A copy of the M.D.N.C. Notice of Removal is hereby filed with the Guilford County Clerk of Court in accordance with the provisions of 28 U.S.C. 1446(d) and is attached hereto as "**Exhibit 1**." A copy of the M.D.N.C. Notice of Removal has also been served upon Plaintiff, by and through his counsel, in this matter by first-class mail and via email.

Respectfully submitted, this the 28th day of May, 2025.

1

**JACKSON LEWIS P.C**.

BY: /s/ *Ann H. Smith*
ANN H. SMITH
N.C. State Bar No. 23090
DENAA J. GRIFFIN
N.C. State Bar No. 46067
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.smith@jacksonlewis.com
Email: Denaa.Griffin@jacksonlewis.com
*Attorneys for Defendant*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:25-cv-426

GEORGE LEVETTE,

               Plaintiff,

vs.

CARDINAL HEALTH 110, LLC,

               Defendant.

**NOTICE OF REMOVAL**

Defendant Cardinal Health 110, LLC ("Defendant") hereby files this Notice of Removal to remove the captioned action from the General Court of Justice, Superior Court Division for Guilford, North Carolina, Case No. 25CV008607-400, to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §§ 1332 and 1441. This action is being removed to Federal Court based on diversity jurisdiction.

In support of this Notice of Removal, Defendant respectfully shows as follows:

1.      This action is being removed to Federal Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2.      On April 17, 2025, Plaintiff filed a civil action against Defendants in the General Court of Justice, Civil Superior Court Division for Guilford County, North Carolina ("the Superior Court"), styled *George Levette v. Cardinal Health 110, LLC,* Case No. 25CV008607-400 ("State Action").

3.      On April 21, 2025, a Civil Summons was issued as to the Defendant to be served with the Complaint.

1

4.     Defendant was served with the State Action Summons and Complaint on April 28, 2025.

5.     True and accurate copies of the State Action Complaint and Summons are attached hereto as **Exhibits A and B**, respectively, pursuant to 28 U.S.C. § 1446(a) and are incorporated by reference.

6.     No further proceedings have occurred in the State Action. Defendant has not served any answer or other responsive pleading to the Summons and Complaint, nor has Defendant made any appearance, argument, or request for relief before the Superior Court.

7.     This Notice of Removal is timely filed within thirty (30) days of Defendant's receipt of the Summons and Complaint, pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

8.     Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action based on diversity jurisdiction.

9.     Plaintiff is a resident and a citizen of Guilford County, North Carolina, and a former employee of Defendant Cardinal Health 110, LLC.

10.     Defendant Cardinal Health 110, LLC is a foreign limited liability company that was incorporated under the laws of the state of Delaware and has its principal place of business in the state of Ohio. A true and exact copy of Delaware's Secretary of State's Business Entity Summary for Cardinal Health 110, LLC is attached hereto as **Exhibit C**.

11.     As demonstrated above, the parties to this lawsuit are clearly diverse.

12.     The State Court Action is a civil lawsuit alleging wrongful discharge (Compl. ¶¶ 26-31) and a violation of North Carolina's Retaliatory Employment Discrimination Act ("NC REDA") (*Id.* at ¶¶ 32-40).

13.     Defendant has the burden of showing that removal is in accordance with diversity jurisdiction requirements (i.e., that the $75,000.01 threshold is met). *Griffin v. Holmes*, 843 F. Supp. 81, 84 (E.D.N.C. 1993). In considering the propriety of a removal, the district court generally must determine the amount in controversy from the express allegations in and the reasonable inferences drawn from Plaintiff's Complaint. *Griffin v. Ford Consumer Fin. Co.*, 812 F. Supp. 614, 616 (W.D.N.C. 1993).

14.     Plaintiff does not specifically identify the amount of damages he alleges, only that it is in excess of $25,000.00 (*See id.* at ¶¶ 124, 136, 141; Prayer for Relief ¶¶ 1-4). Plaintiff has alleged that he is seeking lost wages, loss of earning capacity, and other damages to be proven at trial. (*See id.* At ¶¶ 29 and 39). In his Prayer for Relief, Plaintiff seeks benefits and other compensation, reasonable attorneys' fees as provided in N.C. Gen. Stat., § 95-25.22, punitive damages, legal interest, and costs. Based on these allegations, the reasonable inference is that the amount in controversy exceeds $75,000.00.

15.     Accordingly, Defendant contends that the aforesaid State Action may be removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1331 and 1441(a).

16.     The United States District Court for the Middle District of North Carolina embraces the district in which the aforementioned State Action is now pending (Guilford County).

17.     Defendant therefore files this Notice of Removal of the State Action from the District Court in which it is now pending to the United States District Court for the Middle District of North Carolina.

18.     As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being served on Plaintiff, by and through his counsel, and Defendant is promptly

3

causing a copy of this Notice of Removal to be filed with the Clerk of Court for Guilford County, North Carolina, as shown by the Notice attached hereto as **Exhibit D**.

19.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has claims upon which relief can be granted.

**WHEREFORE**, Defendant prays that this action be removed from the Superior Court of Guilford County, North Carolina, to the United States District Court for the Middle District of North Carolina.

Respectfully submitted, this the 28th day of May, 2025.

**JACKSON LEWIS P.C**.

BY:    /s/ *Ann H. Smith*
        ANN H. SMITH
        N.C. State Bar No. 23090
        DENAA J. GRIFFIN
        N.C. State Bar No. 46067
        3737 Glenwood Avenue, Suite 450
        Raleigh, NC 27612
        Telephone: (919) 760-6460
        Facsimile: (919) 760-6461
        Email: Ann.smith@jacksonlewis.com
        Email: Denaa.Griffin@jacksonlewis.com
        *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:25-cv-426

GEORGE LEVETTE,

            Plaintiff,

vs.

CARDINAL HEALTH 110, LLC,

            Defendant.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 28, 2025, a copy of the foregoing *Notice of Removal* was electronically filed with the Clerk of the Court using the Court's CM/ECF electronic service system, and a copy was served on all parties to this action by first-class mail, and a courtesy copy sent via email, addressed as follows:

Joseph D. Budd
Jordan Tenley
Osborn Gambale Beckley & Budd PLLC
1100 Wake Forest Road, Ste. 205
Raleigh, NC 27604
joe@counselcarolina.com
jordan@counselcarolina.com
*Attorney for Plaintiff*

**JACKSON LEWIS P.C**.

BY:  /s/ *Ann H. Smith*
ANN H. SMITH
N.C. State Bar No. 23090
DENAA J. GRIFFIN
N.C. State Bar No. 46067
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.smith@jacksonlewis.com
Email: Denaa.Griffin@jacksonlewis.com
*Attorneys for Defendant*

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

George Levette

**(b)** County of Residence of First Listed Plaintiff  Guilford County, NC
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph D. Budd, Jordan Tenley, Osborn Gambale
Beckley & Budd PLLC, 1100 Wake Forest Rd., Ste. 205,
Raleigh, NC 27604. 919-373-6422

### DEFENDANTS

Cardinal Health 110, LLC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Ann H. Smith and Denaa J. Griffin, Jackson Lewis P.C.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Wrongful discharge, NC REDA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*       JUDGE _____       DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 5/28/2025 | /s/ Ann H. Smith, N.C. State Bar No. 23090 |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

V. **Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT A

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25 CVS _____
25CV008607-400

GEORGE LEVETTE )
)
      Plaintiff, )
)
v. )
) **COMPLAINT**
CARDINAL HEALTH 110, LLC, )
)
)
      Defendant. )
)

COMES NOW Plaintiff GEORGE LEVETTE ("Mr. Levette"), by and through undersigned counsel, complaining of Defendant CARDINAL HEALTH 110, LLC ("Defendant"), alleges and says the following:

## PARTIES

1.    Mr. Levette is a citizen and resident of Greensboro, North Carolina. At all times relevant to this action, he was mentally competent, more than 18 years old, not in military service, *sui juris*, and a citizen and resident of Guilford County, North Carolina.

2.    Defendant is a limited liability company formed in the State of Delaware, with a principal place of business in Dublin, Ohio, and registered to do business and at all times relevant was transacting business in Guilford County, North Carolina.

## JURISDICTION AND VENUE

3.    The Superior Court of the General Court of Justice has jurisdiction over this matter pursuant to N.C. Gen. Stat. § 7A-240 and § 7A-243.

4.    Venue lies in Guilford County, North Carolina, pursuant to N.C. Gen. Stat. § 1-80.

## FACTS

5.    Defendant hired Mr. Levette on or about August 8, 2022 to serve as a Warehouse Associate at Defendant's Greensboro, North Carolina warehouse located at 4 Cardinal Health Court, Greensboro, North Carolina 27407.

6.    Mr. Levette's responsibilities as a Warehouse Associate included, among other things, loading and unloading totes, containing pharmaceuticals in the warehouse.

7.    Defendant's employment policies prohibit discrimination on the basis of disability and every other classification protected by law.

1

8.    On November 17, 2023, Mr. Levette reported a work-related injury involving his bilateral hands/wrists to his supervisor, Brian Cannizzo, via text message, to initiate a worker's compensation claim.

9.    On November 19, 2023, Mr. Levette reported for work at Defendant's warehouse and was sent home early by his supervisor, Brian Cannizzo.

10.    Mr. Levette attended his first doctor's visit at Concentra for his injury on November 20, 2023 as directed by Defendant.

11.    At the initial visit on November 20, 2023, Mr. Levette's physician at Concentra, Dr. David Yelverton, diagnosed Mr. Levette with bilateral carpal tunnel syndrome, trigger ring finger of left hand, and trigger ring finger of right hand.

12.    At the same visit, Dr. Yelverton referred Mr. Levette to a hand surgeon, to a physical therapist, and placed Mr. Levette on work restrictions, including but not limited to the following light duty restrictions:

      a.    May lift up to 10 lbs occasionally

      b.    May push/pull up to 10 lbs occasionally;

      c.    Unable to use power/impact/vibratory tool with right upper extremity

      d.    Unable to use power/impact/vibratory tool with left upper extremity

      e.    May grip/squeeze/pinch with right upper extremity occasionally

      f.    May grip/squeeze/pinch with left upper extremity occasionally

      g.    Wear splint/brace on right upper extremity constantly

      h.    Wear splint/brace on left upper extremity constantly

13.    Defendant subsequently moved Mr. Levette from his typical responsibilities to a different loading job, which still involved bilateral lifting and use of his hands.

14.    On November 23, 2023, Mr. Levette, experiencing significant, bilateral hand and wrist pain, reached out to Mr. Cannizzo, prior to his shift time, informing him that he was experiencing pain due to his workplace injuries and that he would need to take the day off.

15.    Prior to requesting this time off, Mr. Levette logged onto ADP to check his PTO accruals. On November 23, 2023, Mr. Levette had 13.3 hours of accrued PTO.

16.    Brian Cannizzo did not inform Mr. Levette that it was Defendant's position that he could not use his time off on November 23, 2023, and as such, Mr. Levette took the day off.

17.    Despite his conversation with Mr. Cannizzo, and unbeknownst to Mr. Levette, Defendant marked Mr. Levette as a no call/no show for November 23, 2023.

18. On November 27, 2023, Mr. Levette returned to Concentra and saw Nurse Practitioner, Katherin Schoor. During said appointment, Ms. Schoor observed that as a result of his work-related injuries Mr. Levette "ha[d] significant difficulties with the physical requirements of his job."

19. On November 28, 2023, Mr. Levette presented to Concentra for his first physical therapy appointment, during which Physical Therapist, Brian Slade, determined that Mr. Levette initially needed to be seen for physical therapy treatment three times a week for two weeks.

20. On November 30, 2023, DeDe Thompson, Claims Examiner for Sedgwick, Defendant's worker's compensation carrier, emailed a worker's compensation denial to Mr. Levette.

21. On the same date, Defendant terminated Mr. Levette's employment.

22. Defendant terminated Mr. Levette due to Mr. Levette's ongoing worker's compensation claim.

23. Following his termination, Mr. Levette filed for unemployment benefits with the North Carolina Department of Commerce. The North Carolina Department of Commerce, following appeal, on February 14, 2024, awarded Mr. Levette unemployment, specifically finding in part as follows:

    a. The claimant was discharged due to being an alleged no call no show.

    b. The claimant used paid time off to be out of work on November 23, 2023.

    c. The claimant was subsequently informed that he did not have any paid time off available for his November 23, 2023 absence so it was deemed a no call no show.

    d. The claimant was not a no call no show on November 23, 2023. The claimant had 13.3 hours of leave available that he utilized for his November 23, 2023 absence.

24. Upon information and belief, Defendant fired Mr. Levette, despite Mr. Levette having accrued PTO, despite challenging or denying the PTO noted in ADP for Mr. Levette, and despite Mr. Levette having initiated a worker's compensation claim, the injuries for which Mr. Levette was experiencing significant pain with on November 23, 2023.

25. Defendant wrongfully terminated Mr. Levette contrary to and despite Defendant's employment policies prohibiting discrimination on the basis of disability and every other classification protected by law.

## FIRST CLAIM FOR RELIEF
### Wrongful Discharge

26. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

27. Mr. Levette participated in conduct protected by law – namely reporting a worker's compensation claim and seeking treatment following the same.

3

28.   Mr. Levette's participation in conduct protected by law was a substantial factor in Defendant's decision to terminate his employment.

29.   As a direct and proximate result of Defendant's conduct, Mr. Levette has suffered and continues to suffer lost wages, loss of earning capacity, and other damages to be proven at trial.

30.   Mr. Levette is entitled to pre- and post-judgment interest, and any other relief the court may deem just and proper.

31.   The conduct, acts and omissions of Defendant constitute malicious, willful and wanton conduct or were in reckless disregard and indifference to Mr. Levette's rights.

**SECOND CLAIM FOR RELIEF**
**NC REDA**

32.   Mr. Levette hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

33.   On or about January 17, 2024, Mr. Levette filed a Retaliatory Employment Discrimination Complaint Form with the North Carolina Department of Labor.

34.   The North Carolina Department of Labor's Retaliatory Employment Discrimination Bureau acknowledged receipt of Mr. Levette's Retaliatory Employment Discrimination Complaint on January 30, 2024.

35.   On January 21, 2025, the North Carolina Department of Labor issued Mr. Levette a right-to-sue letter.

36.   Defendant fired Mr. Levette in retaliation for his pursuit of benefits he was entitled to under the North Carolina Workers' Compensation Act.

37.   Defendant's actions were a violation of North Carolina's Retaliatory Employment Discrimination Act, as manifested in N.C. Gen. Stat. § 95-241.

38.   As a direct and proximate result of Defendant's conduct, Mr. Levette has suffered and continues to suffer lost wages, loss of earning capacity, and other damages to be proven at trial.

39.   Mr. Levette is entitled to pre- and post-judgment interest, and any other relief the court may deem just and proper.

40.   The conduct, acts and omissions of Defendant constitute malicious, willful and wanton conduct or were in reckless disregard and indifference to Mr. Levette's rights.

WHEREFORE, Plaintiff prays the Court that he have and recover of the Defendant the following:

1.   Jury trial on all issues so triable;

4

2. Judgment against the Defendant for all wages, benefits and other compensation to which he is entitled, in a sum in excess of $25,000 plus interest as allowed by law to be determined at trial;

3. Judgment against the Defendant for punitive damages with interest;

4. That the judgment bear interest at the legal rate from the date of the breach until paid;

5. That the court award to Plaintiff his reasonable attorneys' fees, as provided by N.C. Gen. Stat. 95-25.22;

6. That the costs of this action be taxed to Defendant; and

7. For such other relief as may be just and proper.

This the 17th day of April, 2025.

OSBORN GAMBALE BECKLEY & BUDD PLLC

BY:

JOSEPH D. BUDD
N.C. Bar No. 44263
JORDAN TENLEY
N.C. Bar No. 51787
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com
jordan@counselcarolina.com
T: 919.373.6422
F: 919.578.3733

5

# EXHIBIT B

# STATE OF NORTH CAROLINA

_____ Guilford _____ County

| File No. | 25CV008607-400 |
| --- | --- |

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name Of Plaintiff
George Levette

Address
7135 W. Friendly Avenue, D

City, State, Zip
Greensboro, NC, 27410

**VERSUS**

Name Of Defendant(s)
Cardinal Health 110, LLC

**CIVIL SUMMONS**
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

| Date Original Summons Issued |
| --- |

| Date(s) Subsequent Summons(es) Issued |
| --- |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| --- | --- |
| c/o Registered Agent, CT Corporation System<br>160 Mine Lake Ct Ste 200<br>Raleigh, NC 27615-6417 | |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
| --- | --- | --- |
| Jordan Tenley<br>Osborn, Gambale, Beckley & Budd, PLLC<br>1100 Wake Forest Road, Suite 205<br>Raleigh, NC 27604 | 4/21/2025 | 9:58:33 am ☐ AM ☐ PM |
| | Signature | /s/ Megan Butler |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time |
| --- | --- | --- |
| | | ☐ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service.<br>Summons and complaint received by: ☐ Defendant 1.<br>☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service.<br>Summons and complaint received by: ☐ Defendant 2.<br>☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# EXHIBIT C

Delaware.gov
Governor | General Assembly | Courts | Elected Officials | State Agencies

---

Department of State: Division of Corporations

Allowable Characters

| HOME | |
|---|---|

| | Entity Details |
|---|---|

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| File Number: | 2160040 | Incorporation Date / Formation Date: | 5/6/1988 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | CARDINAL HEALTH 110, LLC | | |
| Entity Kind: | Limited Liability Company | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | THE CORPORATION TRUST COMPANY | | |
|---|---|---|---|
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information

[Submit]

[New Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

# EXHIBIT D

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No.: 25CV008607-400

GEORGE LEVETTE,                         )
                                        )
              Plaintiff,                )
                                        )
vs.                                     )      **NOTICE OF FILING REMOVAL**
                                        )        **TO FEDERAL COURT**
CARDINAL HEALTH 110, LLC,               )
                                        )
              Defendant.                )

TO:    Joseph D. Budd
       Jordan Tenley
       Osborn Gambale Beckley & Budd PLLC
       1100 Wake Forest Road, Ste. 205
       Raleigh, NC 27604
       joe@counselcarolina.com
       jordan@counselcarolina.com
       *Attorney for Plaintiff*

       Defendant Cardinal Health 110, LLC ("Defendant") hereby gives notice that this matter

has been removed to the United States District Court for the Middle District of North Carolina

("M.D.N.C.") pursuant to 28 U.S.C. §§ 1332 and 1441. Defendant's Notice of Removal of this

action to that Court is based upon diversity jurisdiction.

       A copy of the M.D.N.C. Notice of Removal is hereby filed with the Guilford County Clerk

of Court in accordance with the provisions of 28 U.S.C. 1446(d) and is attached hereto as "**Exhibit**

**1**." A copy of the M.D.N.C. Notice of Removal has also been served upon Plaintiff, by and through

his counsel, in this matter by first-class mail and via email.

       Respectfully submitted, this the 28th day of May, 2025.

1

**JACKSON LEWIS P.C**.

BY: <u>/s/ *Ann H. Smith*</u>
ANN H. SMITH
N.C. State Bar No. 23090
DENAA J. GRIFFIN
N.C. State Bar No. 46067
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.smith@jacksonlewis.com
Email: Denaa.Griffin@jacksonlewis.com
*Attorneys for Defendant*

2

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No.: 25CV008607-400

GEORGE LEVETTE,

                Plaintiff,

vs.

CARDINAL HEALTH 110, LLC,

                Defendant.

)
)
)
)
)
)
)
)
)

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 28, 2025, the foregoing *Notice of Filing Removal to Federal Court* was served on all parties via first-class mail and a courtesy sent via email, addressed as follows:

Joseph D. Budd
Jordan Tenley
Osborn Gambale Beckley & Budd PLLC
1100 Wake Forest Road, Ste. 205
Raleigh, NC 27604
joe@counselcarolina.com
jordan@counselcarolina.com
*Attorney for Plaintiff*

This the 28th day of May, 2025.

**JACKSON LEWIS P.C**.

        BY:  /s/ *Ann H. Smith*
              ANN H. SMITH
              N.C. State Bar No. 23090
              DENAA J. GRIFFIN
              N.C. State Bar No. 46067
              3737 Glenwood Avenue, Suite 450
              Raleigh, NC 27612
              Telephone: (919) 760-6460
              Facsimile: (919) 760-6461
              Email: Ann.smith@jacksonlewis.com
              Email: Denaa.Griffin@jacksonlewis.com
              *Attorneys for Defendant*

3

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
File No.: 25CV008607-400

GEORGE LEVETTE,

               Plaintiff,

vs.

CARDINAL HEALTH 110, LLC,

               Defendant.

)
)
)
)
)
)
)
)
)

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 28, 2025, the foregoing *Notice of Filing Removal to Federal Court* was served on all parties via first-class mail and a courtesy sent via email, addressed as follows:

Joseph D. Budd
Jordan Tenley
Osborn Gambale Beckley & Budd PLLC
1100 Wake Forest Road, Ste. 205
Raleigh, NC 27604
joe@counselcarolina.com
jordan@counselcarolina.com
*Attorney for Plaintiff*

This the 28th day of May, 2025.

**JACKSON LEWIS P.C.**

          BY:  /s/ *Ann H. Smith*
               ANN H. SMITH
               N.C. State Bar No. 23090
               DENAA J. GRIFFIN
               N.C. State Bar No. 46067
               3737 Glenwood Avenue, Suite 450
               Raleigh, NC 27612
               Telephone: (919) 760-6460
               Facsimile: (919) 760-6461
               Email: Ann.smith@jacksonlewis.com
               Email: Denaa.Griffin@jacksonlewis.com
               *Attorneys for Defendant*

3
