IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:25-cv-426

GEORGE LEVETTE,

    Plaintiff,

vs.

CARDINAL HEALTH 110, LLC,

    Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

    **COMES NOW,** Defendant Cardinal Health 110, LLC ("Defendant"), by and through its undersigned counsel, and files *Defendant's Answer to Plaintiff's Amended Complaint and Affirmative Defenses* in response to the allegations contained in the Amended Complaint ("Amended Complaint") filed by Plaintiff George Levette ("Plaintiff"). Defendant states as follows:

### PARTIES

    1.    The allegations contained in Paragraph 1 of Plaintiff's Amended Complaint are admitted upon information and belief.

    2.    The allegations contained in Paragraph 2 of Plaintiff's Amended Complaint are admitted.

### JURISDICTION AND VENUE

    3.    The allegations contained in Paragraph 3 of the Amended Complaint constitute legal conclusions as to which no response is required. To the extent a response is required, the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint are denied.

4. The allegations contained in Paragraph 4 of the Amended Complaint constitute legal conclusions as to which no response is required. To the extent a response is required, the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint are denied

## FACTUAL ALLEGATIONS

5. As to the allegations contained in Paragraph 5 of the Amended Complaint, it is admitted that Defendant hired Plaintiff on August 8, 2022, as an Associate II, Warehouse Operations at Defendant's Greensboro, North Carolina warehouse located at 4 Cardinal Health Court Greensboro, North Carolina 27402. Except as specifically herein admitted, the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint are denied

6. As to the allegations contained in Paragraph 6 of the Amended Complaint, it is admitted that the job description for an Associate II, Warehouse Operations is in writing and is the best evidence of its contents. The remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint are denied to the extent that they inconsistent with the job description for an Associate II, Warehouse Operations. Except as specifically herein admitted, the remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint are denied.

7. As to the allegations contained in Paragraph 7 of the Amended Complaint, it is admitted that Defendant's Equal Employment Opportunity/Non-Discrimination Policy is in writing and is the best evidence of its contents. The remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint are denied to the extent that they inconsistent with Defendant's Equal Employment Opportunity/Non-Discrimination Policy. Except as specifically herein admitted, the remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint are denied.

8. As to the allegations contained in Paragraph 8 of the Amended Complaint, it is admitted that Plaintiff texted Brian Cannizzo on November 17, 2023 (the "November 17 Text"). It is further admitted that the November 17 Text is in writing and is the best evidence of its contents. The remaining allegations contained in Paragraph 8 of Plaintiff's Amended Complaint are denied to the extent that they inconsistent with the contents of the November 17 Text. Except as specifically herein admitted, the remaining allegations contained in Paragraph 8 of Plaintiff's Amended Complaint are denied

9. As to the allegations contained in Paragraph 9 of the Amended Complaint, it is admitted that Plaintiff reported to work on November 19, 2023. It is further admitted that he was allowed to leave his shift early. The remaining allegations contained in Paragraph 9 of the Amended Complaint not specifically herein admitted are denied.

10. The allegations contained in Paragraph 10 of the Amended Complaint are denied based upon a lack of information and belief.

11. The allegations contained in Paragraph 11 of the Amended Complaint are denied based upon a lack of information and belief.

12. As to the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint, it is admitted that Plaintiff's Work Restrictions are in writing and are the best evidence of its contents. The allegations contained in Paragraph 12 of the Complaint are denied to the extent they are inconsistent with the contents of the Work Restrictions. The remaining allegations contained in Paragraph 12 of the Amended Complaint are denied based upon a lack of information and belief.

13. As to the allegations contained in Paragraph 13 of the Amended Complaint, it is admitted that Defendant accommodated Plaintiff's restrictions by assigning him to perform different tasks. The remaining allegations not specifically herein admitted are denied.

14. As to the allegations contained in Paragraph 14 of the Amended Complaint, it is admitted that Plaintiff texted Mr. Cannizzo on Thursday November 23, 2023 (the "November 23 Text"). It is further admitted that the November 23 Text is in writing and is the best evidence of its contents. The remaining allegations contained in Paragraph 14 of Plaintiff's Amended Complaint are denied to the extent that they inconsistent with the November 23 Text. Except as specifically herein admitted, the remaining allegations contained in Paragraph 14 of Plaintiff's Amended Complaint are denied

15. The allegations contained in Paragraph 15 of the Amended Complaint are denied.

16. As to the allegations contained in Paragraph 16 of the Amended Complaint, it is admitted that Plaintiff did not report to work on November 23, 2023, as scheduled. The remaining allegations contained in Paragraph 16 of Plaintiff's Amended Complaint not specifically admitted are denied.

17. As to the allegations contained in Paragraph 17 of the Amended Complaint, it is admitted that Plaintiff received an occurrence pursuant to Defendant's Policies for his absence on November 23, 2023. The remaining allegations contained in Paragraph 17 of Plaintiff's Amended Complaint not specifically herein admitted are denied.

18. The allegations contained in Paragraph 18 of the Amended Complaint are denied based upon a lack of information and belief.

19. The allegations contained in Paragraph 19 of the Amended Complaint are denied based upon a lack of information and belief.

20. As to the allegations contained in Paragraph 20, it is admitted that DeDe Thompson, a Sedgwick Claims Examiner, emailed Plaintiff on November 30, 2022 (the "Email"). It is further admitted that the Email is in writing and is the best evidence of its contents. The remaining

allegations contained in Paragraph 20 of Plaintiff's Amended Complaint are denied to the extent that they inconsistent with the Email. Except as specifically herein admitted, the remaining allegations contained in Paragraph 20 of Plaintiff's Amended Complaint are denied

21. As to the allegations contained in Paragraph 21 of the Amended Complaint, it is admitted that Defendant terminated Plaintiff's employment on November 30, 2023. Except as specifically herein admitted, the remaining allegations contained in Paragraph 21 of Plaintiff's Amended Complaint are denied.

22. The allegations contained in Paragraph 22 of the Amended Complaint are denied.

23. The allegations contained in Paragraph 23 of the Amended Complaint are denied.

24. The allegations contained in Paragraph 24 of the Amended Complaint are denied.

**FIRST CLAIM FOR RELIEF**
**Wrongful Discharge**

25. Defendant realleges and incorporates herein by reference its answers to Paragraphs 1-24 as if fully set forth herein.

26. The allegations contained in Paragraph 26 of the Amended Complaint constitute legal conclusions as to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 26 of the Amended Complaint are denied.

27. The allegations contained in Paragraph 27 of the Amended Complaint are denied.

28. The allegations contained in Paragraph 28 of the Amended Complaint are denied.

29. The allegations contained in Paragraph 29 of the Amended Complaint are denied.

30. The allegations contained in Paragraph 30 of the Amended Complaint are denied.

# SECOND CLAIM FOR RELIEF
# NC REDA

31. Defendant realleges and incorporates herein by reference its answers to Paragraphs 1-30 as if fully set forth herein.

32. As to the allegations contained in Paragraph 32 of the Amended Complaint, it is admitted that Plaintiff completed a Retaliatory Employment Discrimination Complaint Form (the "Complaint Form"). It is further admitted that the Complaint Form is in writing and is the best evidence of its contents. The remaining allegations contained in Paragraph 32 of Plaintiff's Amended Complaint are denied to the extent that they inconsistent with the Complaint Form. Except as specifically herein admitted, the remaining allegations contained in Paragraph 32 of Plaintiff's Amended Complaint are denied.

33. As to the allegations contained in Paragraph 33 of the Amended Complaint, it is admitted that the North Carolina Department of Labor's Retaliatory Employment Discrimination Bureau acknowledged receipt of Plaintiff's Complaint Form. It is further admitted that the receipt of Plaintiff's Complaint Form is in writing and is the best evidence of its contents. The remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint are denied to the extent that they inconsistent with the receipt of Plaintiff's Complaint Form. Except as specifically herein admitted, the remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint are denied

34. As to the allegations contained in Paragraph 34 of the Amended Complaint, it is admitted that the January 21, 2025 correspondence from the Retaliatory Employment Discrimination Bureau (the "January 21 Correspondence") is in writing and is the best evidence of its contents. The remaining allegations contained in Paragraph 34 of Plaintiff's Amended Complaint are denied to the extent that they inconsistent with the January 21 Correspondence.

Except as specifically herein admitted, the remaining allegations contained in Paragraph 34 of Plaintiff's Amended Complaint are denied.

35. The allegations contained in Paragraph 35 of the Amended Complaint are denied.

36. The allegations contained in Paragraph 36 of the Amended Complaint are denied.

37. The allegations contained in Paragraph 37 of the Amended Complaint are denied.

38. The allegations contained in Paragraph 38 of the Amended Complaint are denied.

39. The allegations contained in Paragraph 39 of the Amended Complaint are denied.

40. ALL ALLEGATIONS NOT SPECIFICALLY HEREIN ADMITTED, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF, ARE DENIED.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies and/or comply with the statutory pre-requisites to bringing this action.

## FOURTH AFFIRMATIVE DEFENSE

Defendant pleads all applicable statutes of limitation in bar, in whole or in part, to recovery by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in Plaintiff's Complaint and any damages which Plaintiff allegedly suffered.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs claims cannot be litigated because they are beyond the scope of Plaintiff's administrative charge.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to any unlawful consideration.

## NINTH AFFIRMATIVE DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was based upon reasonable factors other than the alleged unlawful factor(s).

## TENTH AFFIRMATIVE DEFENSE

Defendant would have made the same decisions regarding Plaintiff regardless of any alleged protected status or activity.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by Plaintiff's failure to mitigate any alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to after acquired evidence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any employment actions taken against Plaintiff by Defendant were required by business necessity and were based on factors other than any protected class status or protected activity of the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant has not deprived Plaintiff of any rights protected by N.C. Gen. Stat. § 95-241.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for Plaintiff's claim for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from preexisting physical or mental conditions.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claim for punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and such damages are, therefore, not recoverable in this action. Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial branch of government and invade the province of the legislative branch; therefore, the claim for punitive damages must be dismissed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's punitive damages claim is barred because Defendant at no time engaged in discriminatory practices or actions intentionally, with malice, and/or with reckless disregard to Plaintiff's or other employees' statutory rights.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant and its managerial agents engaged in good faith efforts to comply with the law, and therefore cannot be held liable for punitive damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred or limited to the extent it is shown he engaged in misconduct prior to, during, or in connection with their employment, that otherwise would have resulted in his discharge if such conduct were then known to Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff was, at all material times, an at-will employee of Defendant and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves the right to designate additional defenses as they become apparent through the course of discovery, investigation and otherwise.

**WHEREFORE**, having fully answered and responded to the allegations contained in Plaintiff's Complaint, Defendant Cardinal Health 110, LLC respectfully requests that:

(a) Plaintiff's claims be dismissed, with prejudice, in their entirety;

(b) Every prayer for relief contained in the Plaintiff's Complaint be denied;

(c) Judgment be entered in favor of Defendant;

(d) For a trial by jury of all issues of fact so triable;

(e) All costs, including reasonable attorney's fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and

(f) Defendant be granted such other relief as this Court may deem just and proper.

Respectfully submitted, this the 4th day of August, 2025.

                        **JACKSON LEWIS P.C**.

BY:  /s/Ann H. Smith
       ANN H. SMITH
       N.C. State Bar No. 23090
       DENAA J. GRIFFIN
       N.C. State Bar No. 46067
       3737 Glenwood Avenue, Suite 450
       Raleigh, NC 27612
       Telephone: (919) 760-6460
       Facsimile: (919) 760-6461
       Email: Ann.smith@jacksonlewis.com
       Email: Denaa.Griffin@jacksonlewis.com
       *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:25-cv-426

| | |
|---|---|
| GEORGE LEVETTE,<br><br>      Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH 110, LLC,<br><br>      Defendant. | **CERTIFICATE OF SERVICE** |

    The undersigned counsel certifies that on August 4, 2025, the foregoing *Defendant's Answer to Plaintiff's Amended Complaint and Affirmative Defenses* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system and served this day on Plaintiff's counsel via e-mail, addressed as follows:

Joseph D. Budd
Jordan Tenley
1100 Wake Forest Road, Suite 205
Raleigh, NC 27604
joe@counselcarolina.com
jordan@counselcarolina.com
*Attorneys for Plaintiff*

**JACKSON LEWIS P.C.**

BY:  /s/Ann H. Smith
     ANN H. SMITH
     N.C. State Bar No. 23090
     DENAA J. GRIFFIN
     N.C. State Bar No. 46067
     3737 Glenwood Avenue, Suite 450
     Raleigh, NC 27612
     Telephone: (919) 760-6460
     Facsimile: (919) 760-6461
     Email: Ann.smith@jacksonlewis.com
     Email: Denaa.Griffin@jacksonlewis.com
     *Attorneys for Defendant*

4897-3462-9198, v. 1